UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>CHRISTOPHER SANDERS, an individual, TAC AIR OPS, LLC, KAPOWSIN AIR SPORTS, LTD, THE CITY OF SAN DIEGO, a municipality, BROWN FIELD MUNICIPAL AIRPORT, and DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No.: 23-cv-1000-W-DDL<br><br>**ORDER DENYING IN PART AND GRANTING IN PART THE CITY OF SAN DIEGO AND BROWN FIELD MUNICIPAL AIRPORT'S MOTION TO DISMISS [DOC. 23]** |
|---|---|

Pending before the Court is the Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) filed by Defendants The City of San Diego and Brown Field Municipal Airport's (collectively, the "Municipal Defendants") [Doc. 23].

The Court decides the matter on the papers submitted and without oral argument. *See* Civ. R. 7.1(d)(1). For reasons discussed below, the Court **DENIES IN PART** and **GRANTS IN PART** the Motion [Doc. 23].

## I.  FACTUAL BACKGROUND

Plaintiff, the United States of America (the "United States" or "Plaintiff"), transferred its interest in real property of the Brown Field Municipal Airport ("Brown Field") then known as the Brown Field Naval Auxiliary Air Station, to the City of San Diego (the "City") on September 1, 1962, subject to the terms of a Quitclaim Deed (the "Deed"). (*Compl.* [Doc. 1] ¶ 14.) Restrictions on the Deed were imposed pursuant to the authority of the Federal Property and Administrative Services Act of 1949, the Surplus Property Act of 1944, Reorganization Plan One of 1947, and Article 4, Section 3, Clause 2 of the United States Constitution. (*Compl. Exhibit A* [Doc. 1-2] at 19.) Restrictions on the Deed include maintaining Brown Field in "good and serviceable condition" and "preventing the establishment or creation of airport hazards." (*Compl.* ¶¶ 15, 16.) The United States further retained the right to nonexclusive use of Brown Field's landing area in addition to a reversionary interest in Brown Field should the City fail to comply with the terms of the Deed. (*Id.* ¶¶ 17, 18.)

This action stems from an accident that occurred during the United States' use of Brown Field on May 30, 2020. (*Id.* ¶ 19.) On May 29, 2020, the United States Marine Corps ("USMC") conducted a routine training flight in which a VMM0163 MV-22 Osprey aircraft (the "Osprey"), tail number 166740, landed at Brown Field. (*Id.* ¶ 20.) At 11:30 P.M., the Osprey landed and taxied to its "routine parking location." (*Id.* ¶ 20.) There was no parking at the "routine" spot, so the crew instead parked on Ramp 6, in front of Hanger 2, next to two other aircraft. (*Id.* ¶¶ 21, 22.) One of the neighboring aircrafts was a "Twin Otter," registration number N52FW, parked approximately 100-150 feet away. (*Id.* ¶ 22.) After parking, the crew secured the aircraft and certified that the

Osprey was "left in good condition" before leaving Brown Field at approximately 12:30 A.M on May 30, 2020. (*Id.* ¶ 25.)

At approximately 9:40 A.M. on May 30, 2020, the pilot of the Twin Otter, Christopher Sanders, started to power up the Twin Otter. (*Id.* ¶ 26.) After starting both engines, the aircraft began to move to the left, and after travelling approximately 80 feet, crashed into the Osprey. (*Id.* ¶¶ 26, 27.) The collision and it's resulting fire damaged the Osprey's left proprotor, left nacelle and engine, the nose wheel, the wing, and the right proprotor blade. (*Id.* ¶ 28.)

The United States alleges that the City and Brown Field "negligently caused the overcrowding and management of the Airport's facilities, which prevented the United States from the use and enjoyment of its rights to use the Airport" and that the City and Brown Field had a duty to adequately train and supervise airport staff to ensure safe aircraft parking was available to all airport users. (*Id.* ¶ 51.) The United States further alleges that the City and Brown Field failed to uphold the terms of the Deed and did not "maintain the landing area and all structures, improvements, facilities and equipment transferred by the Deed in good and serviceable condition." (*Id.* ¶ 58.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss for failing "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F. 2d 578, 581 (9th Cir. 1983). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. Cnty.*, 487 F. 3d 1246, 1249 (9th Cir. 2007).

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

### III.  DISCUSSION

The Municipal Defendants' Motion raises three separate arguments for dismissal. First, the Municipal Defendants argue that the United States' claims for negligence and breach of restrictive covenants are barred because Plaintiff failed to comply with the presentment requirement of the California Tort Claims Act ("CTCA"). Second, they argue that the United States' claim for negligence should be dismissed because the Complaint does not identify a statutory basis for the negligence claim against the City. And third, they argue that the claims against Brown Field Municipal Airport should be dismissed because Brown Field is not a separate entity from the City.

####    A.    Compliance with the California Tort Claims Act

Defendants argue that the United States' causes of action for negligence and breach of restrictive covenants must be dismissed because the United States "has failed to plead compliance with the statutory requirements of the CTCA." (*Mot.* [Doc. 23] at 5.) The CTCA is a California statute that requires parties who claim money or damages against public entities to present a written claim to the public

entity prior to filing an action in state or federal court. CAL. GOV. CODE § 905.

The United States does not plead or argue that it complied with the CTCA. Instead, the United States offers two theories for why it is not subject to the CTCA presentment requirement. First, the United States argues application of the CTCA is relevant only where state law provides the rule of decision and in this case state law should be supplanted by federal law. (*Response* [Doc. 25] at 7.) Second, the United States argues that in asserting these claims the United States is acting in its sovereign capacity and is thus "not bound by state statutes of limitation." (*Id.* at 9.) The Court will address each of these arguments in turn.

### a)   *Whether federal law provides the rule of decision*

The United States argues that federal law provides the rule of decision because the United States is a party to the contract it seeks to enforce against the Municipal Defendants. (*Id.* at 4-5.) According to the United States, enforcing the terms of the Deed serves to protect a "uniquely federal interest," and as such, federal law should be applied. (*Id.* at 9.) The Municipal Defendants disagree, arguing that the claims do not arise from the Deed and therefore do not implicate a uniquely federal interest. (*Reply* [Doc. 26] at 4-12.]

Federal law provides the rule of decision where a "federal interest warrants displacement of state law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 692 (2006). Whether state law should be displaced is determined by a two-step inquiry. *Boyle v. United Techs. Corp.*, 487 U.S. 500, 507 (1988). First, the claim must involve an area of "uniquely federal interest." *Id.* If a uniquely federal interest is implicated, the party then must show that "a significant conflict exists between an identifiable federal policy or interest and the operation of state law ... or the application of state law would frustrate specific objectives of federal legislation." *Id.*

As to the breach of restrictive covenants claim, the Court agrees with the United States that, under the *Boyle* test, federal law provides the rule of decision.

The Supreme Court has held that that one "uniquely federal interest" is the interpretation of contracts to which the United States is a party. *Boyle*, 487 U.S. at 504. This area requires displacement of state law because "obligations to and rights of the United States under its contracts are governed exclusively by federal law." *Id.*; *see also Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999) ("Federal law controls the interpretation of a contract entered pursuant to federal law when the United States is a party.") Here, the breach of restrictive covenant claim will require the Court to interpret a contract to which the United States is a party—the Deed. This claim alleges that the "Municipal Defendants' failures to adequately manage, supervise, staff, and train its employees; to oversee and supervise its tenants; and/or to prevent the over-utilization of unreasonable congestion of the Airport facilities was a breach of the restrictive covenants contained within the Deed and the proximate cause of the damages incurred by the Unites States." (*Compl.* ¶ 59; *see also Compl*. Exhibit A at 6-7.) Since the Court will have to interpret specific provisions of the Deed to resolve this cause of action, the breach of restrictive covenants claim implicates a "uniquely federal interest" and satisfies the first step in the *Boyle* inquiry.

As to the second step, the Court finds that "a significant conflict exists between an identifiable federal policy or interest and the operation of state law ... or the application of state law would frustrate specific objectives of federal legislation." *Boyle*, 487 U.S. at 507. Application of the CTCA's presentment requirement would give rise to a "significant conflict" between the federal government's interest in the uniform disposal of surplus property and its ability to enforce rights reserved under any such grant of property. Additionally, application of the CTCA would frustrate specific objectives of federal legislation. *See* U.S. CONST. art. IV, § 3, cl. 2; 40 U.S.C. § 101(2); 49 U.S.C. §§ 47151-47153. Accordingly, federal law controls the breach of restrictive covenants cause of action and provides the rule of decision. *See Klamath*, 204 F.3d at 1210. The

United States therefore was not required to comply with state law before bringing this claim.

But the Court does not agree that negligence cause of action satisfies the *Boyle* test.  Unlike the breach of restrictive covenants cause of action, this claim will not require the Court to determine the "obligations" and "rights" of the United States under a contract.  *See Boyle*, 487 U.S. at 504.  This claim does not arise from the Deed: it could be brought even if the Deed did not exist and whether the Municipal Defendants negligently caused harm to Plaintiff is separate and apart from whether they breached a provision of the Deed.  Although a military aircraft was involved, the claim is seeking to assert a right to damages arising from a crash; which is an ordinary interest common to persons and entities that are not the federal government. At bottom, this claim is not protecting any interest arising from the federal surplus property statutes ientified by Plaintiff and therefore does not present a uniquely federal interest.  Accordingly, the claim does not satisfy the *Boyle* test and does not warrant displacement of state law.

### b)   *Whether the United States is bound by the CTCA*

The United States' second argument as to why its noncompliance with the CTCA is not fatal to its claims is that it is not bound by the CTCA because the United States is acting in its sovereign capacity.  (*Response* at 9.)

The *Summerlin* test proscribes when the federal government is not bound by state statutes of limitations.  *United States v. Summerlin*, 310 U.S. 414, 416 (1940). Under the *Summerlin* test, the United States is not bound by state statutes of limitations so long as two conditions are met.  *Bresson v. Comm'r*, 213 F.3d 1173, 1177 (9th Cir. 2000).   First, the right at issue must have been obtained by the government through, or was created by, a federal statute.  *Id*.  Second, the government must have been proceeding in its sovereign capacity in obtaining these rights.  *Id*.  Since state law does not apply to the United States' breach of restrictive

covenant cause of action, the Court will only analyze whether the United States' negligence cause of action evades the CTCA by way of the *Summerlin* test.

The first issue is whether Plaintiff's right to recover damages through a negligence cause of action was created "through" or "by" a federal statute. The Court holds that it was not. Negligence is a state law tort. And as explained above, this claim does not arise from the Deed. Even if the Deed did not exist, the United States could bring a negligence cause of action to recover costs caused by alleged actions by the Municipal Defendants. The United States has not presented another federal statute—separate from the federal statutes that permitted the Deed— that could have created the United States' right to bring the negligence claim. As such, the negligence claim cannot move past the first step in the *Summerlin* inquiry and remains subject to the CTCA presentment requirement.

For the reasons stated above, the Municipal Defendants' motion to dismiss the United States's cause of action for negligence against the Municipal Defendants is **GRANTED**. The United States' second cause of action, for negligence against the Municipal Defendants, is **DISMISSED WITHOUT PREJUDICE.**

### B. Brown Field Municipal Airport as a Defendant

The City of San Diego and Brown Field Municipal Airport argue that the United States' claims against Brown Field should be dismissed because "complaints against public entities must be made against the parent entity, and not a subsidiary department." (*Mot*. [Doc. 23] at 11.) The City claims that Brown Field is "simply a City asset." (*Id.*) On the other hand, the United States argues that dismissal of Brown Field is "premature at this stage" because it needs to conduct discovery to determine the scope of the relationship between the City and Brown Field and "whether the Airport is partially owned or operated by separate, nonpublic entities." (*Id.*)

In a 12(b)(6) motion, the Court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez*,

487 F. 3d 1246 at 1249.  At this time, the City's claim that Brown Field is merely an asset is "merely conclusory."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  In construing the facts in a light most favorable to the United States, it is possible that Brown Field is partially owned or operated by separate, nonpublic entities, thus warranting further discovery.  Based on the allegations in the Complaint, the Court cannot hold that Brown Field cannot be sued.  Accordingly, the Municipal Defendants' motion to dismiss Brown Field from the case is **DENIED**.

## IV.   CONCLUSION & ORDER

For the reasons stated above, the Court **DENIES IN PART** and **GRANTS IN PART** the City of San Diego and Brown Field Municipal Airport's Motion [Doc. 23].

**IT IS SO ORDERED.**

Dated:  September 27, 2023

_____
Hon. Thomas J. Whelan
United States District Judge